UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------
IN RE:                                    )          CASE NO.  0720238
                                          )
ANN-MARIE ROSE ADAMS                      )          CHAPTER 13
                                          )
         DEBTOR.                          )          RE: DOC. I.D. NO.  119
---------------------------------------------------------

**BRIEF MEMORANDUM AND FINAL ORDER GRANTING
TOWPATH ASSOCIATION, INC. RELIEF FROM THE AUTOMATIC STAY**

On October 26, 2007, Towpath Association, Inc. (the "Movant") filed a Motion for Relief from Stay (hereafter, the "Relief Motion"), Doc. I.D. No. 70, seeking relief from the automatic stay of Section 362(a) to allow it to commence a foreclosure action for common charges due from the Debtor related to certain real property. During the next seventeen months, the progeny of that motion reveals, *inter alia*, sundry continuances, a Consent Order, Doc. I.D. No. 86, resolving the Relief Motion, an Affidavit of Non-Compliance [with the Consent Order], Doc. I.D. No. 88, an Order for Relief from Stay (hereafter, the "First Relief Order"),[1] Doc. I.D. No. 89, granting the Relief Motion, a Motion to Vacate [the First Relief Order], Doc. I.D. No. 91, an Order . . . , Doc. I.D. No. 106, granting the Motion to Vacate, a supplemental Motion for Relief from Stay (hereafter, the "Second Relief Motion"), Doc. I.D. No. 119, an Order For Relief from Stay (hereafter, the "Second Relief Order"), Doc. I.D. No. 126, granting the Second Relief Motion, and a Motion to Vacate the [Second Relief Order], Doc. I.D. No. 131.

On the record of February 5, 2009, upon consideration of the Motion to Vacate the

---

[1] The Consent Order provided, *inter alia*, that upon the filing of an affidavit asserting an alleged default, and the Debtor's failure to timely filed a counter affidavit "certifying that the Debtors have cured the default, then the Court may grant the Motion for Relief from Stay".

[Second Relief Order], the Second Relief Order was Vacated *conditionally* (subject to payment by bank check in the amount of $3,000.00 by Monday, February 9, 2009),[2] s*ee* Margin Order, Doc. I.D. No. 137, entered February 5, 2009, and a hearing to further consider the Second Relief Motion was scheduled for February 24, 2009 at 10:00 AM, and rescheduled due to the Debtor's unavailability, to March 10, 2009.

After further notice and a hearing held March 10, 2009, upon the Second Relief Motion filed and prosecuted by the Movant, Doc. I. D. No. 119, praying for relief from the automatic stay of Section 362(a) of the Bankruptcy Code, and for the reasons stated on the record of March 10, 2009:

**IT IS HEREBY ORDERED** that the automatic stay of 11 U.S.C. Section 362(a) is MODIFIED to permit the Movant to commence and continue a foreclosure action for common charges due on the Debtor's real estate located at 239 Old Farms Road, Unit No. 15B, Avon, Connecticut in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the 10-day stay of Fed. R, Bankr. P. 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement this order.

Dated: March 10, 2009                                                                                    BY THE COURT



Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[2]It appears that the Debtor did not tender the above-referenced bank check in good faith as a copy of the check bears the notation "Pd in full current up to feb 2009". In light of this "notation", the Creditor declined to cash the check, and as the Court observed *"may* be entitled to prompt reinstatement of the Order." *Brief Memorandum and Order Denying Debtor's Request for a Continuance,* Doc. I.D. No. 140.